OPINION
{¶ 1} Defendant-Appellant Matthew Boykin appeals from the trial court's May 20, 2003 denial of his motion for a new trial. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On July 29, 2002 Boykin was indicted on twelve counts of possession of criminal tools based upon his possession of counterfeit checks. A jury found Boykin guilty as charged, and the trial court sentenced him to concurrent twelve-month sentences for each count. Boykin appealed, and this Court reduced the degree of the crimes from fifth-degree felonies to first-degree misdemeanors. State v. Boykin, Montgomery App. No. 19896, 2004-Ohio-1701. The trial court subsequently sentenced Boykin to time served, and he was released from prison.
 {¶ 3} In the meantime, Boykin filed a pro se motion for a new trial on April 29, 2003. The following month, he twice supplemented his motion with additional exhibits. The trial court overruled the motion, and Boykin now appeals.
 {¶ 4} Boykin's assignment of error:
 {¶ 5} "The trial court erred and abused its discretion in holding that appellant's motion for leave to file [A] motion for new trial and [HIS] motion for [A] new trial was procedurally barred in violation of his absolute right to procedural due process of law as guaranteed by the constitution[s] of ohio and the united states."
 {¶ 6} In his sole assignment of error, Boykin claims that he was entitled to a new trial because of newly discovered evidence. Specifically, he insists that he did not receive discovery to which he was entitled, causing counsel to be unable to adequately cross-examine the State's witnesses. Boykin concludes that a new trial was warranted.
 {¶ 7} The decision whether to grant a motion for a new trial is within the sound discretion of the trial court, and an appellate court cannot reverse the trial court's order unless there has been an abuse of that discretion. See, e.g., State v.Scheibel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. An abuse of discretion is more than an error of law or judgment; it implies an unreasonable, unconscionable, or arbitrary decision that is "palpably and grossly violative of fact and logic." Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 256, 662 N.E.2d 1. We do not believe that the trial court abused its discretion in denying Boykin's motion for a new trial.
 {¶ 8} Generally, Crim.R. 33(B) requires that a motion for a new trial be filed within 14 days of the verdict, but if that motion is based upon newly discovered evidence, the defendant has 120 days in which to file. An untimely motion may be permitted only if the defendant demonstrates by clear and convincing evidence that he was unavoidably prevented from discovering the evidence. Id.
 {¶ 9} The evidence upon which Boykin relied in his motion was the transcript of his preliminary hearing; the written statement of one of his co-defendants, Kelly Dixon; and the criminal records of himself, Dixon, and another co-defendant, Mary Tuck. Boykin asserted that those materials were not provided to him in discovery, and therefore the evidence was newly discovered, warranting a new trial.
 {¶ 10} However, the record reveals that Boykin did have full access to the evidence prior to trial. Boykin attended the preliminary hearing and heard the testimony of the State's witnesses. He could have requested a transcript if he so chose. Moreover, Boykin was present at trial and would have immediately been aware if the trial testimony differed from that offered at the preliminary hearing.
 {¶ 11} Less than one month after Boykin was indicted, his attorney acknowledged in writing that he had received the prosecutor's information packet, which included Boykin's criminal history. Counsel filed a written demand for further discovery, which apparently was satisfied because counsel made no further demands for discovery. Furthermore, when the State offered Dixon's statement at trial, counsel did not object, as he would have had he not already seen the statement.
 {¶ 12} Thus, the trial court properly concluded that Boykin's motion was not based upon newly discovered evidence, but upon perceived deficiencies in the evidence. Accordingly, because the motion was filed far more than 14 days after the verdict, the trial court correctly overruled the motion as untimely. Because Boykin failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the evidence, we cannot conclude that the trial court abused its discretion in denying his untimely motion for a new trial, and Boykin's assignment of error fails.
 {¶ 13} Having overruled Boykin's sole assignments of error, we affirm the judgment of the trial court.
Fain, P.J. and Brogan, J., concur.